UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NITTERHOUSE CONCRETE PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOBCO GROUP, INC., <br><br> Defendant, | **OPINION** <br><br> Civ. No. 16-cv-08397 (WHW)(CLW) |

**Walls, Senior District Judge**

This matter arises out of a dispute between Plaintiff Nitterhouse Concrete Products, and Defendant Dobco,[1] over a subcontract agreement for the fabrication of pre-cast structural supports by Plaintiff for a parking garage project on which Defendant was the general contractor. Defendant moves to dismiss this matter under Fed. R. Civ. P. 12(b)(6), or in the alternative, to stay the matter and compel mediation and arbitration pursuant to the Federal Arbitration Act. Defendant's motion is granted in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Nitterhouse Concrete Products, Inc. ("Nitterhouse"), is a business entity with its principal place of business in Chambersburg, Pennsylvania. Compl. ¶ 1, ECF No. 1. Defendant Dobco is a business entity with its principal place of business in Wayne, New Jersey. *Id.* ¶ 2. On December 26, 2012, the parties entered into a contact in connection with the construction of a

---

[1] Defendant Dobco, Inc. was improperly identified in the Complaint as Dobco Group, Inc.

1

parking garage on the campus of William Patterson University in Wayne, New Jersey. *Id.* ¶ 5. Defendant Dobco was the general contractor for the parking garage construction project, and hired Plaintiff Nitterhouse to fabricate "pre-cast structural members" for the construction of the garage. *Id.* ¶ 6. Dobco contracted to pay Nitterhouse $5,736,000.00 upon completion of their work on the parking garage, this amount was later reduced to $5,724,053.89. *Id.* ¶ 7. Although Nitterhouse performed its obligations in completing the project, payment in the amount of $286,203.00 was still outstanding as of December 31, 2014. *Id.* ¶ 11.

### 1. The Subcontract Provisions

The subcontract contained provisions for alternative dispute resolution procedures. Section 6.1.2 of the subcontract contains a mediation provision, which provides:

> The parties shall endeavor to resolve their claims by mediation which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association in accordance with its Construction Industry Mediation Procedures currently in effect. A request for mediation shall be made in writing, delivered to the other party to this Subcontract and filed with the American Arbitration Association unless the parties mutually agree in writing to substitute mediation administrator.

Standard Form of Agreement Between Contractor and Subcontractor ("Subcontract") § 6.1.2, ECF No. 1-1.

In addition to the mediation provision, the subcontract also contains a provision for binding dispute resolution. This provision, Section 6.2, provides:

> For any claim subject to, but not resolved by mediation pursuant to Section 6.1, at the sole option of [Dobco], it shall be resolved either by arbitration under the Construction Industry Arbitration Rules of the American Arbitration Association and judgment may be entered on the basis of the award; or, if [Dobco] does not opt for arbitration, then such dispute shall be decided in the Superior Court of the State

of New Jersey, and the venue of any such action shall be placed in Passaic County, New Jersey.

*Id.* § 6.2.1

### 2. The Siddons Litigation

An individual named Donald Siddons was injured on the site of the parking garage construction project, and brought claims against both Nitterhouse and Dobco in the Superior Court of New Jersey. Def.'s Br. at 4, ECF No. 7-1. Dobco asserted cross-claims against Nitterhouse seeking indemnification under the contract.

In response, Nitterhouse claimed that Dobco was not entitled to indemnification because it was in breach of the contract due to the outstanding $286,203.00 at issue in this lawsuit. Pl.'s Opp. at 11, ECF No. 10. Nitterhouse also sought to bring an affirmative counterclaim against Dobco seeking damages for breach of contract. The trial court allowed Nitterhouse to raise the breach of contract issue as a defense to indemnification, but refused to allow an affirmative damages claim for fear of confusing the issues before the jury. *Id.* Dobco has engaged in significant discovery in connection with the Siddons litigation, including participation in multiple depositions. *Id.* at 9. The outstanding $286,203.00 balance was raised at some of these depositions. *Id.*

Plaintiff Nitterhouse brought suit in the District of New Jersey on November 9, 2016 alleging breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment and conversion. Compl. ¶¶ 14–33.

On January 17, 2017, Defendant moved to dismiss or, in the alternative, to stay the action in the District and compel mediation and arbitration. Defendant argued that the suit should be dismissed pursuant to the forum selection clause, which provides that any litigation be venued in the Superior Court of New Jersey. In the alternative, Defendant argues that the action be stayed,

and that the Court compel mediation and arbitration pursuant to the mediation and binding dispute resolution provisions.

In response, Plaintiff argues that the arbitration provision is unenforceable under New Jersey law because it failed to provide notice that Plaintiff was waiving its right to seek relief in a court of law or before a jury. Plaintiff further argues that Defendant waived the right to demand mediation and arbitration by its conduct in the Siddons litigation and in this dispute. Finally, Plaintiff argues that the forum selection clause does not apply, because it is limited to claims that the parties attempted and failed to resolve through mediation.

Because of the resolution of the motion to dismiss pursuant to the forum selection clause, this Court does not reach the Defendant's motion to compel arbitration.

## LEGAL STANDARD

The Third Circuit has held that a forum selection clause may be enforced under a 12(b)(6) standard. *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 299 (3d Cir. 2001) ("[A] 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause . . . ."); Charles Allan Wright, Arthur R. Miller, Edward H. Cooper et al., § 3803.1 Law Applicable—Forum Selection Clauses, 14D Fed. Prac. & Proc. Juris. § 3803.1 (4th ed.) (noting that in the Third Circuit, "a valid [forum selection] clause may be enforced through a . . . Rule 12(b)(6) motion to dismiss").

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a

4

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679. A party filing a motion to dismiss under Rule 12(b)(6) may raise any "affirmative defense" that "clearly appears on the face of the pleading." *Somerset*, 832 F. Supp. 2d at 481 (citing *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994)).

In considering the plaintiff's claims, a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint. *See Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1357 at 299 (3d ed. 2014). "A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *Mele v. Fed.*

*Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).[2]

## DISCUSSION

### Motion to Dismiss for Improper Venue

Forum selection clauses are presumptively valid and enforceable. *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 Fed. Appx. 82, 84 (3d Cir. 2006); *MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 Fed. Appx. 844, 846 (3d Cir. 2003) (quoting *Coastal Steel. Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983) *overruled on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495 (1989)). Such clauses are presumed valid to give effect to the freely negotiated terms of a contract and uphold the expectations of the contracting parties. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972) ("The threshold question is whether that court should have exercised its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause.").

If the venue prescribed by the contract is federal, and venue is proper in the original forum, the district court may enforce the forum selection clause by transferring the case to the prescribed forum pursuant to 28 U.S.C. § 1404(a). *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988); Charles Allan Wright, Arthur R. Miller, Edward H. Cooper et al., § 3803.1 Law Applicable—Forum Selection Clauses, 14D Fed. Prac. & Proc. Juris. § 3803.1 (4th ed.).

---

[2] "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 255 n.5 (3d Cir. 2004).

6

However, if the venue selection clause prescribes a state or foreign forum, the case may only be remanded, *see Integrated Health Resources, LLC v. Rossi Psychological Group, P.A.*, 537 F. Supp. 2d 672 (D.N.J. 2008) (remanding to state court to enforce forum selection clause), or dismissed, *see Wall St. Aubrey Golf, LLC*, 189 Fed. Appx. at 87; *Crescent Intern., Inc. v. Avatar Communities, Inc.*, 857 F.2d 943 (3d Cir. 1988).

Federal law applies to the consideration of the forum selection clause. *See Wall St. Aubrey Golf, LLC*, 189 Fed. Appx. at 84 ("We use federal law when determining the effect of forum selection clauses because "questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature." (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) (internal quotation marks and alterations omitted)). The Third Circuit has held that a venue selection clause is valid unless the party objecting to it establishes:

> (1) That it is the result of fraud or overreaching; (2) that enforcement would violate strong public policy of the forum; or (3) that enforcement would in the particular circumstances of the case result in jurisdiction so seriously inconvenient as to be unreasonable.

*MoneyGram Payment Sys., Inc.*, 65 Fed. Appx. at 846 (quoting *Coastal Steel Corp.*, 709 F.2d 190).

Defendant argues that the claims should be dismissed because they fall within the scope of the forum selection clause. Specifically, Defendant argues that the forum selection clause relates to "any claim arising out of or relating to this Subcontract," and that the claims at issue "arise out of" the contractual relationship between the parties. Def.'s Br. at 5.

As an initial matter, Plaintiff argues that the mediation clause does not apply to its claims for conversion or unjust enrichment. Plaintiff argues that these claims do not arise out of or relate to the subcontract because they are not contractual claims.[3] Pl.'s Opp. at 1.

Defendant maintains that the claims at issue fall within the scope of the mediation provision because they all arise out of the contractual relationship between the parties and relate to the work performed pursuant to the Subcontract. Def.'s Br. at 5.

Despite Plaintiff's argument, non-contractual claims may be subject to mediation and arbitration provisions under New Jersey law. *See Crescent Int'l, Inc.*, 857 F.2d at 944 (finding tort claims within arbitration clause and collecting cases); *see also Magla Prods., LLC v. Chambers*, No. 06-0115, 2006 WL 2846274, at *4 (Sept. 29, 2006, D.N.J.) (finding that claims for tortious interference, unjust enrichment, and breach of duty of loyalty arise out of contract and are therefore subject to forum selection clause within the contract).

In interpreting the scope of the mediation clause, the focus is on the facts underlying the claims, and not the actual legal terms in which each claim is couched. *Caruso v. Ravenswood Developers*, 337 N.J. Super. 499, 507 (2001). "Whether a particular claim is arbitrable depends not upon the characterization of the claim, but upon the relationship of the claim to the subject matter of the arbitration clause." *Bleumer v. Parkway Ins. Co.*, 277 N.J. Super. 378, 405 (1994) (quoting *In re Oil Spill by the "Amoco Cadiz,"* 659 F.2d 789, 794 (7th Cir. 1981)). Were this rule otherwise, a party could frustrate such an agreement simply by the manner in which it framed its claims. *Id.*

---

[3] Plaintiff makes this argument in response to the motion to compel arbitration. Because the arbitration and forum selection clauses both reference the mediation clause in section 6.1, the analysis is appropriate here.

The claims here fall comfortably within the mediation clause. The clause applies to "any claim arising out of or relating to this Subcontract . . . ." Subcontract § 6.1.1. By using the term "any claim," the provision expresses an intent to encompass a broad range of disputes. Further, the provision applies to claims "arising out of," as well as claims "relating to" the contract, which indicates that the provision is not strictly limited to claims for breach of contract. *See FlagHouse, Inc. v. ProSource Dev., Inc.*, 528 Fed. Appx. 186, 190 (3d Cir. 2013) ("Under New Jersey law, agreements to arbitrate with 'arising out of' language are typically construed broadly in favor of arbitration.").

All of Plaintiff's claims have a close relationship to the "subject matter of this clause" because they involve the alleged failure of Defendant to perform its obligations under the Subcontract. *See Bluemer*, 277 N.J. Super. at 405. While they allege different legal theories, all of Plaintiff's claims require resolution of the alleged breach of contract. Plaintiff may not "frustrate [the alternative dispute resolution] agreement simply by the manner in which it framed its claims." *Id.*

Plaintiff also declares that the forum selection clause does not apply because the clause is "specifically limited to claims that have been subject to mediation and where mediation was unsuccessful." Pl.'s Opp. at 14. Plaintiff asserts that because the breach of contract issue was not submitted to mediation, the forum selection clause does not apply to these claims.

Defendant counters that because Plaintiff is the party seeking to assert a claim, it is Plaintiff that must first submit the claim to mediation. Def.'s Reply at 14, ECF No. 11.

It is clear from the text of the subcontract that the forum selection clause applies to Plaintiff's claims. The Subcontract provides:

> For any claim subject to, but not resolved by mediation pursuant to Section 6.1, at the sole option of [Dobco], it shall be resolved either by arbitration . . . or, if

9

> [Dobco] does not opt for arbitration, then such disputes shall be decided in the Superior Court of the State of New Jersey, and venue of any such action shall be placed in Passaic County, New Jersey.

Subcontract § 6.2.1.

Defendant's ability to enforce the forum selection clause is unaffected by the failure to mediate the claims pursuant to section 6.1. The forum selection clause applies to claims that were "subject to, but not resolved by mediation pursuant to Section 6.1." The claims here are "subject to" section 6.1 because they arise out of the Subcontract, but they were not "resolved by" the mediation procedures because neither party submitted a claim to the American Arbitration Association. The claims at issue fall within the literal terms of the forum selection clause.

Further, it would contravene the clear intent of the parties to allow a party to evade the requirement to litigate in the selected forum by foregoing mediation of its claims and instead filing suit in a nonprescribed forum. The Subcontract countenances two means of binding dispute resolution; arbitration, or litigation in New Jersey Superior Court. Rather than avail itself of the clearly-established procedures set out in the Subcontract, Plaintiff instead brought suit in federal court, which for all practical purposes is the only forum that section 6.2 prohibits.

Defendant further argues that the forum selection clause is enforceable because it is mandatory and not permissive. Def.'s Br. at 5. Defendant contends that although the clause allows for either arbitration or litigation in Superior Court, it is still a mandatory forum selection clause because it "mandates that litigation take place in one of two contemplated fora and thereby excludes all other fora." *Id.* (quoting *Union Steel Am. Co. v. M/V Sanko Spruce*, 14 F. Supp. 2d 682, 687 (D.N.J. 1998)).

"Of course, before a contractual forum selection provision can be enforced, it must effectuate a selection." *Wall Street Aubrey Golf, LLC*, 189 Fed. Appx. at 85. A forum selection clause is enforceable only if it is mandatory—providing the sole forum available for resolution of the claims, rather than permissive—providing one of many possible fora. *Id.*; *Union Steel Am. Co.*, 14 F. Supp. 2d at 687. To determine whether a provision is mandatory, "a court's paramount consideration is the intent of the parties," guided by the "plain language of the agreement." *Wall Street Aubrey Golf, LLC*, 189 Fed. Appx. at 85 (quoting *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1009 (3d Cir. 1980)).

Plaintiff does not dispute that the forum selection clause is mandatory, and this Court finds that it is so. The Subcontract provides that claims subject to the clause "*shall be decided* in the Superior Court of the State of New Jersey," and that "venue of any such action *shall be placed* in Passaic County, New Jersey." Subcontract § 6.2.1 (emphasis added). The phrase "shall be decided" demonstrates that the parties intended that the New Jersey Superior Court and arbitration be the exclusive means of resolving disputes that were not successfully mediated. *See Chisso Am., Inc. v. M/V Hanjin Osaka*, 307 F. Supp. 2d 621, 624 (D.N.J. 2003) (finding provision mandatory when it provided "any dispute *shall* be governed by German law and determined by the courts of Bremen" (alterations omitted)); *Union Steel Am. Co.*, 14 F. Supp. 2d at 687 (finding forum selection provision mandatory when it provided that disputes "shall be decided" in the selected forum); *cf. Kane v. Manuf.'s Life Ins. Co.*, No. 08-4581 (KSH), 2009 WL 78143, at *5 (Jan. 9, 2009 D.N.J.) (finding clause permissive when it provided state court "shall *retain* jurisdiction" and distinguishing *Chisso* (emphasis added)). The ability of Defendant to elect arbitration or litigation is not inconsistent with the intent to resolve disputes arising out of the subcontract exclusively in one of the prescribed fora. *See United Steel Am. Co.*, 14 F.

Supp. 2d at 687 (finding provision mandatory when it allowed litigation in selected forum, or arbitration at election of one party).

Plaintiff does not claim that the forum selection clause was "the result of fraud or overreaching," or that enforcement would "violate strong public policy" of the forum, or that enforcement would "so seriously inconvenient as to be unreasonable." *MoneyGram Payment Sys., Inc.*, 65 Fed. Appx. at 846. The forum selection clause is enforceable, and the matter should be dismissed as a matter of federal law. *See Wall St. Aubrey Golf, LLC*, 189 Fed. Appx. at 87.

## CONCLUSION

The Court finds that the Parties entered into an enforceable agreement to litigate exclusively in New Jersey Superior Court, Passaic County. Defendant's motion to dismiss is granted. An appropriate order follows.

DATE: 3 April 2018

William H. Walls
Senior United States District Court Judge